UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Michael Williams,
a/k/a Darren D.
Franklin,

Petitioner,

vs. REPORT AND RECOMMENDATION

James H. Bruton,

Respondent. Civ. No. 00-1320(JRT/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 29th day of January, 2001.

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon a Petition for a Writ of Habeas Corpus, see, Title 28 U.S.C. §2254, which alleges that the Petitioner is being illegally detained, by the Respondent, for reasons which are violative of his rights under the Constitution, laws, or Treaties of the United States. Also before the Court is the Petitioner's Motion for an appointment of counsel, for a hand written copy of Appellant's brief, and for an Order requesting Respondent to provide a complete transcript and evidence. The Petitioner has appeared pro se, and the Respondent has

FILED JAN 29 2001
CLERK

appeared by Gayle C. Hendley, Assistant County Attorney for Hennepin County, Minnesota.

For reasons which follow, we recommend that the Petition for Writ of Habeas Corpus be summarily dismissed, and that the Petitioner's other Motions be denied, as moot.

## II. Factual and Procedural History

The Petitioner is serving a 268-month prison sentence at the Minnesota Correctional Facility-Oak Park Heights, having been convicted in Minnesota District Court on two Counts of Criminal Sexual Conduct in the First Degree, and on one Count of kidnaping. The Petitioner appealed his convictions to the Minnesota Court of Appeals, contending that the Trial Court abused its discretion by refusing to sanction the State for an alleged DNA discovery violation, and by refusing to release the Petitioner, without bail, if the Trial were to be continued for independent DNA testing.[1] See, State v. Williams, No. C0-97-993, 1998 WL 279207 (Minn.App. June 2, 1998), rev. denied (Minn. July 30, 1998). The Minnesota Court of Appeals affirmed the Petitioner's conviction on June 2, 1998, and

[1]Although the issue of a denial of a Speedy Trial was not explicitly raised on direct appeal, the Minnesota Court of Appeals did note that any delay in the Trial was minor, and occurred for reasons beyond anyone's control, and for good cause. Therefore, the Court found that the Petitioner's right to a Speedy Trial was not violated. See, State v. Williams, No. C0-97-993, 1998 WL 279207 at *2 (Minn. App. June 2, 1998).

the Minnesota Supreme Court declined to further review the case on July 30, 1998. Id.

The Petitioner then filed a State Petition for Writ of Habeas Corpus. It is not entirely clear when the Petition was actually filed, but it was dated and notarized on October 7, 1998. The Petitioner states that, in his State Petition for post-conviction relief, he made the following claims of error by the Trial Court: "DNA, ineffective assistance of counsel, illegal search and seizure, prosecuter [sic] misrepresentation of truth in trial, speedy trial, nondisclosure of evidence." Petition for Writ of Habeas Corpus, at 3-4. In its ruling on his Petition for post-conviction relief, which the Respondent has provided for our review, the Trial Court categorized the Petitioner's claims as follows: (1) "Lack of minorities on the jury panel;" (2) "Evidence known to be false was admitted at trial;" (3) "Counsel and the Court waived petitioner's right to a speedy trial;" (4) "Ineffective assistance of trial counsel"; and (5) "Ineffective assistance of appellate counsel." Order Denying Petition for Post-conviction Relief at 3. The Court denied the Petition for post-conviction relief on April 16, 1999, and the Petitioner's time for appealing that ruling, to the Minnesota Court of Appeals, expired on June 15, 1999. See, Rule 28.02, Subdivision 4(3), Minnesota Rules of Appellate Procedure. The Petitioner does not allege, and there is no record of, any appeal

to the Minnesota Court of Appeals, on the Petitioner's State Court post-conviction request.[2]

The Petitioner has now filed this Petition, raising the following issues: "illegally admitted DNA," "speedy trial denial," and "ineffective assistance of counsel." Petition, at 5-6. The Petitioner has also filed a Motion for an appointment of counsel, a second Motion for an appointment of counsel, and for a handwritten copy of Appellant's brief, and a Motion requiring the Respondent to provide a complete transcript and evidence. The Respondent contends that the Petition should be dismissed, on the grounds that it is time-barred, procedurally-barred, and because the Petitioner's claims do not implicate any federally-guaranteed rights.

---

[2]The Petitioner also filed a Federal Writ of Habeas Corpus, which involved these same facts, on May 18, 1999. That Petition raised the following claims: erroneous admission of DNA evidence; Speedy Trial right violation; the prosecutor's failure to disclose evidence favorable to the Petitioner before Trial; unconstitutional selection and impanelment of jurors; admission of unduly prejudicial evidence at Trial; unconstitutional search and seizure; and ineffective assistance of counsel. The Petition was dismissed, without prejudice, in order to permit the Petitioner to exhaust his State Court remedies. See, Williams v. Crist, Order, No. 99-768 (D. Minn., June 17, 1999). There is no record of any appeal that the Petitioner sought after the denial of this Petition. However, the Petitioner's current Petition is limited to those issues which, liberally construed, were initially raised in the State Courts.

## III. Discussion

The Statute of Limitations Under 28 U.S.C. §2244(d)(1).

A. Standard of Review. On April 24, 1996, President Clinton signed the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which effected significant changes in the Federal Habeas Corpus Statutes. One of those changes was incorporated into Title 28 U.S.C. §2244(d), which established a new, one-year statute of limitations for those Habeas Corpus Petitions which are filed, by State Prisoners, who seek a Federal Court's review of a State conviction, or sentence. The new provision reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Title 28 U.S.C. §2244(d).

Thus, a State prisoner, who seeks Federal Habeas Corpus review from his State conviction, or sentence, ordinarily must file his Petition within one year after his Judgement of conviction "became final by the conclusion of direct review." Title 28 U.S.C. §2244 (d)(1).

The Statute provides, however, that this deadline may be modified if: 1) the prisoner is unable to file his Federal Habeas Corpus Petition in a timely manner because of an impediment that was imposed by the State; 2) the prisoner is relying on some newly recognized constitutional right that is retroactively applicable; or 3) the prisoner is relying on some new evidence which could not have been reasonably discovered in time to file a timely Petition. Title 28 U.S.C. §2244(d)(1)(B)-(D). The new statute of limitations also includes a tolling provision, which stops the running of the one-year limitations period while the prisoner is pursuing a

"properly filed" application for post-conviction relief in the State Court. Title 28 U.S.C. §2244(d)(2).

B. Legal Analysis. The Petitioner does not claim to fall within any of the provisions of Title 28 U.S.C. §2244(d)(1)(B)-(D). Therefore, unless the present Petition was brought within one year of the conclusion of the direct review of the Petitioner's conviction, with tolling for any time during which a State post-conviction Petition was pending, the current Petition must be dismissed in accordance with Section 2244(d). After analyzing the procedural history of this Petition, we conclude that it is indeed time-barred under Section 2244(d) and, therefore, should be dismissed.

Under the circumstances here, the one-year statute of limitation began to run, pursuant to Section 2244 (d)(1)(A), when the Petitioner's conviction became final. The Petitioner's conviction became final on July 30, 1998, when the Minnesota Supreme Court denied the Petitioner's request for further review. However, the statute of limitation period stopped running, pursuant to Section 2244(d)(2), approximately 69 days later, on October 7, 1998, when the Petitioner filed his State Petition for post-conviction relief. That Petition was denied by the Trial Court on April 16, 1999, and the time for appeal ended on June 15, 1999. Therefore, the statute of limitation under Section 2244(d)(1)(A) began to run again on June 15, 1999. The current Petition was not filed until May 26,

2000[3] -- approximately 346 days later. Together, the elapsed time since the Petitioner's conviction became final, not counting the days the State Petition was pending, was about 415 days, which approximates one year and one and one-half months. Therefore, the Petition is time-barred under Section 2244(d)[4] and, consequently, we recommend that the be summarily dismissed. As a further result, we deny the Petitioner's other Motions as being moot.

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Petition for a Writ of Habeas Corpus [Docket Nos. 1 & 7] be summarily dismissed.

---

[3]The current Petition was initially filed on May 26, 2000. On June 13, 2000, this Court advised the Petitioner that his Petition was not in compliance with Local Rules, and directed him to resubmit the Petition in accordance with the rules. The Petitioner resubmitted the Petition, which was dated June 21, 2000, and filed on July 5, 2000.

[4]Some Courts have determined that a one-year "grace period" should be added to the new statute of limitations for Habeas Corpus Petitions, so that no Petition would be time-barred if filed within one year after the new statute was enacted. See, e.g., Moore v. United States, 173 F.3d 1131, 1135 (8th Cir. 1999)(establishing April 24, 1997, as the expiration date of the grace period); Lindh v. Murphy, 96 F.3d 856, 866 (7th Cir. 1997)("no collateral attack filed by April 23, 1997, may be dismissed under §2244(d)"), rev'd on other grounds, 521 U.S. 320 (1997); Flowers v. Hanks, 941 F.Supp. 765, 771 (N.D. Ind. 1996). Such a grace period could not assist the Petitioner here, however, as his Petition was filed more than a year -- in fact, more than four years -- after the new enactment went into effect.

2. That the Petitioner's Motion for Appointment of Counsel [Docket No. 2] be DENIED, as moot.

3. That the Petitioner's Motion for Appointment of Counsel, and for a handwritten copy of the Appellant's brief [Docket No. 14] be DENIED, as moot.

4. That the Petitioner's Motion for an Order requiring the Respondent's to provide a complete transcript and evidence [Docket No. 15] be DENIED, as moot.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than February 15, 2001,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than February 15, 2001**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.