**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

MICHAEL WILLIAMS, SR.

Petitioner,

v.

JAMES H. BRUTON, Warden,

Respondent.

Civil No. 00-1320 (JRT/RLE)

**ORDER DENYING PETITIONER'S APPLICATION FOR CERTIFICATE OF APPEALABILITY**

---

Michael Williams, Sr., #190665, Minnesota Correctional Facility, Box B, St. Cloud, MN 56302, petitioner *pro se*.

Gayle C. Hendley, Assistant County Attorney, OFFICE OF THE HENNEPIN COUNTY ATTORNEY, C-2000 Government Center, Minneapolis, MN 55487, for respondent.

## INTRODUCTION

Petitioner commenced this action by filing a habeas corpus petition challenging his 1997 state court convictions for first degree criminal sexual conduct and kidnapping. On January 29, 2001, a Report and Recommendation was filed by United States Magistrate Judge Raymond L. Erickson recommending that the petition be dismissed because it was not filed within the one-year statute of limitations prescribed at 28 U.S.C. § 2244(d). This Court conducted an independent review of the file (even though petitioner did not file any objection

FILED JUN 1 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD. ____
DEPUTY CLERK ____

to the Report and Recommendation), and concluded that the Magistrate Judge's recommendation should be followed. Therefore, by order dated March 8, 2001, the Court ordered that petitioner's habeas corpus petition be summarily dismissed.

Petitioner subsequently filed a notice of appeal seeking appellate review of the dismissal of his petition. However, he did not obtain a Certificate of Appealability ("COA") as required by 28 U.S.C. § 2253 (c)(1)(A) and Fed. R. App. P. 22(b)(1), so the Court of Appeals remanded the case back to this Court to determine whether petitioner should be granted a COA. For the reasons discussed below, the Court finds that petitioner is not entitled to a COA in this matter.

## DISCUSSION

A state prisoner is not permitted to appeal a final order in a habeas corpus proceeding without first securing a COA. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a **substantial showing** of the denial of a **constitutional** right." 28 U.S.C. § 2253(c)(2) (emphasis added); *see also*, *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. *Kramer v. Kemna*, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different

courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir.), *cert. denied*, 513 U.S. 946 (1994), citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991) (*per curiam*); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 119 S. Ct. 89 (1998). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (*per curiam*). *See also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'"), quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983).

In this case, petitioner has not filed any explicit request for a COA, and it is therefore not entirely clear what issue(s) he seeks to raise on appeal. Presumably, he wants the Court of Appeals to review and reverse this Court's determination that he is procedurally barred from seeking federal habeas relief because of the one-year statute of limitations set forth at 28 U.S.C. § 2244(d).

In *Slack v. McDaniel*, *supra*, the Supreme Court explained how the federal district courts should determine COA eligibility in habeas cases that have been dismissed on procedural grounds, rather than on the merits.

> "Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding. Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal. Each component of the

> § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments. The recognition that the 'Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of,' *Ashwander v. TVA*, 297 U.S. 288, 347 (1936) (Brandeis, J., concurring), allows and encourages the court to first resolve procedural issues. The *Ashwander* rule should inform the court's discretion in this regard."

529 U.S. at 484-85.

In the present case, the Court finds that Petitioner's COA request can be fully resolved by applying only the second of the two threshold criteria identified by the Supreme Court in *Slack* – i.e., "whether jurists of reason could conclude that the District Court's dismissal on procedural grounds was debatable or incorrect." *Id*. at 485.

After again considering the record in this matter, the Court remains fully satisfied that petitioner's application for habeas corpus relief was properly dismissed for the reasons discussed in the Report and Recommendation. As the Magistrate Judge correctly explained, petitioner's habeas corpus petition cannot be entertained here, because it was filed more than one year after his conviction became final in the state courts. Petitioner has made no effort to explain why he believes his petition is not time-barred. He filed no objections to the Report and Recommendation, he has not described any grounds for his appeal, and he has made no attempt to show that he is eligible for a COA. In short, petitioner has offered no reason to think that any other court – including the Eighth Circuit Court of Appeals – could decide this case any differently than it was decided here. He has not identified, and the Court cannot

independently identify, anything novel, noteworthy or worrisome about his case, which might cause it to warrant appellate review. Thus, the Court concludes that petitioner is not entitled to a COA.

## ORDER

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that a Certificate of Appealability **WILL NOT BE GRANTED** to petitioner in this matter.

DATED: June 1, 2001
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge