UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Michael Williams,

Petitioner,

vs. ORDER

James Bruton, Sued as
James H. Burton, Warden,

Respondent. Civ. No. 00-1320 (DSD/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 5th day of December, 2002.

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a routine review, in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the Petitioner's Motion for an Appointment of Counsel. The Petitioner appears pro se, and the Respondent has made no appearance for the purposes of this Motion. For reasons which follow, we deny the Petitioner's request for appointed counsel.

II. Discussion

The Petitioner originally filed his Petition for Writ of Habeas Corpus on May 26, 2000, and moved, at that time, for an appointment of counsel which, after his filing of an Amended Petition, was renewed on October 16, 2000. By Order dated March 8,

(37)

DEC 6 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

2001, the District Court, the Honorable Judge John R. Tunheim presiding, adopted our Report and Recommendation of January 29, 2001, which recommended the summary dismissal of the Petition, and a denial of the Petitioner's request for appointed counsel, as moot.

Thereafter, the Petitioner appealed the dismissal of his Petition, and by Order dated August 20, 2002, the Court of Appeals for the Eighth Circuit reversed the Order of the District Court, and remanded the cause to the District Court for additional proceedings. The Petitioner has now submitted a renewed Motion for an appointment of legal counsel, in which he incorporates, by reference, his initial Motion for the same relief. In support of his Motion, the Petitioner notes that he does not possess a legal background, and that he is indigent. He has also asserted that the issues in the case are complex, and that, as an inmate, he has limited access to legal research. Further, the Petitioner claims that his ability to prepare his case has been thwarted by prison officials, who have placed his legal materials in another inmate's cell -- for the purpose of causing conflict -- have withheld and read his legal materials, and have harassed him.

The Petitioner has also presented the Court with a letter from Marc A. Al, Esq. ("Al"), who was appointed to represent the Petitioner in his appeal to the Court of Appeals, who cites the

Petitioner's limited education, the complexity of the case, and the Petitioner's solitary confinement status, as supporting the Petitioner's request for appointed counsel. In addition, Al characterizes the State's position in the action as evincing "unmitigated advocacy" as, in Al's view, the State has shown an interest in "winning a case by all means and at whatever (ethical) cost." Al contends that, unless counsel is appointed for the Petitioner, the Court will be forced to adopt an advocate's role, which would be better served by appointed counsel, if an injustice is to be avoided.

1. Standard of Review. It is well-established that this Court has no authority to compel legal counsel to assume the representation of the Petitioner, but merely has the discretionary authority to request an attorney to assume such representation. See, Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296 (1989); Scott v. Tyson Foods, Inc., 943 F.2d 17 (8th Cir. 1991). Central to the exercise of such discretion is a determination by the Court "that the [Petitioner] as well as the court will benefit from the assistance of counsel." Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984); see also Plummer v. Grimes, 87 F.3d 1032, 1033 (8th Cir. 1996)("A district court is to decide whether the [petitioner] and the court

will substantially benefit from the appointment of counsel * * *.").

In exercising its discretionary authority, the Court must carefully weigh the factual and legal complexities of the case, the capability of the Petitioner to investigate the facts and to present his claims, and the existence of conflicting evidence. See, McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996); Plummer v. Grimes, supra; Swope v. Cameron, 73 F.3d 850, 852 (8th Cir. 1996); Edgington v. Missouri Department of Corrections, 52 F.3d 777, 780 (8th Cir. 1995); Nachtigall v. Class, 48 F.3d 1076, 1081-82 (8th Cir. 1995).

2. Legal Analysis. After reviewing these factors, we find that the issues presented in the Petitioner's request for Habeas relief to be quintessentially uncomplicated, both in their legal and factual components. Although there may be conflicting evidentiary contentions, their full exploration before the Court has not, and will not require, the skillful and practiced questioning techniques associated with representation by legal counsel. Undoubtedly, the Petitioner's lack of legal knowledge, and his inmate status, have presented some disadvantages, in terms of the requisite time and effort that has been attendant to the presentation of his Petition, but, upon our review of the submissions which the Petitioner has submitted to the Court thus far, we are satis-

fied that he possesses the capacity to develop, and articulate, his arguments in a cogent and meaningful way.

We are not persuaded by Al's suggestion that the appointment of counsel is warranted by the State's advocacy in this proceeding. To date, the issue that has been decided relates to the proper application of the one-year statute of limitations for Petitions for Writs of Habeas Corpus, under the Anti-Terrorism and Effective Death Penalty Act of 1996. See, Williams v. Bruton, 299 F.3d 981 (8th Cir 2002). The resolution of that issue had nuances that extended well-beyond the issues now to be litigated. In view of the general importance of the issue presented to the Court of Appeals, we would not expect less than zealous, yet principled advocacy in the presentation of those issues by all parties. There is no showing, apart from Al's intimation, that the State's actions were improper, unprofessional, or warranting the appointment of counsel, for the Petitioner, as a protective measure. We make clear, however, that in denying the Petitioner's request for the appointment of legal counsel, we do not intimate, however slightly, that Al should not assist the Petitioner, on a pro bono basis, in order to advance the considerations he has drawn to our attention.[1]

---

[1]The Court would be pleased if Al chose to assist the Petitioner in this matter, and to communicate that sentiment to counsel, the Court is directing the Clerk to transmit a copy of this (continued...)

NOW, THEREFORE, It is --

ORDERED:

1. That the Petitioner's Motion for an Appointment of Counsel [Docket No. 34] is DENIED.

2. That the Clerk of Court is directed to transmit a copy of this Order to Mark A. Al, Lindquist & Vennum P.L.L.P., 4200 IDS Center, 80 South Eighth Street, Minneapolis, Minnesota 55402.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

[1] (...continued)
Order to Al for such consideration as he chooses to extend.