particular exercise of State police power comports with the Constitution. See, O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Hawkins v. Higgins, 898 F.2d 1365, 1367 (8th Cir. 1990).

As with every rule, the exhaustion requirement has its exceptions, and it does not apply if it appears that resort to State remedies would be futile. See, Title 28 U.S.C. §2254(b)91)(B)(ii); Sloan v. Delo, 54 F.3d 1371, 1378 (8th Cir. 1995). However, this exception applies "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." Duckworth v. Serrano, 454 U.S. 1, 3 (1981). Thus, if it is clear that the State Courts would find the claim to be procedurally barred, such that a return to the State Courts would be futile, then a Federal Court may consider an unexhausted claim -- subject to the limitations prescribed by the procedural default rule. See, Sloan v. Delo, supra at 1381; but cf., Meadows v. Legarsky, 904 F.2d 903, 909 (4th Cir. 1990)(exhaustion not excused when it is possible that the State Court would make an exception to procedural default rule and reach the merits of the petitioner's claim), cert. denied, 498 U.S. 986 (1990). Under the procedural default rule, the Federal Court can only consider an unexhausted claim that is procedurally barred, if the Petitioner can show "cause and actual prejudice," or "actual innocence." The burden rests upon the Petitioner to demon-

strate "'a clear manifestation on the record' that to present his post-conviction claims to the state courts would be an exercise in futility." Harrow v. Black, 818 F.2d 17, 19 (8th Cir. 1987), citing Snethen v. Nix, 736 F.2d 1241, 1245 (8th Cir. 1984), cert. denied, 496 U.S. 940 (1990).

Furthermore, where a Petition contains both exhausted and unexhausted claims for relief, a Federal Court cannot grant relief upon any of the Petitioner's claims. See, Rose v. Lundy, 455 U.S. 309, 522 (1982); Murray v. Wood, 107 F.3d 629, 632 (8th Cir. 1997). Ordinarily, such "mixed" Petitions are to be dismissed without prejudice, although Federal Habeas Courts may retain jurisdiction under limited circumstances.[5] Id.

B. Legal Analysis. The Petitioner has had two opportunities to invoke the one complete round of the State appellate review process, that is required by O'Sullivan v. Boerckel, supra at 842. His first opportunity was on direct appeal, and his second came in his request for post-conviction relief. We conclude that, notwithstanding those opportunities, only the Petitioner's ineffective

---

[5]A recent amendment to Section 2254 allows the Court to deny an application for a Writ of Habeas Corpus on the merits, "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." Title 28 U.S.C. §2254(b)(2); see also, Lindh v. Murphy, 521 U.S. 320, 334 n. 7 (1997). Judicial economy may counsel such a denial of a claim on the merits, if the claims were easily resolvable against the petitioner. Lambrix v. Singletary, 520 U.S. 518, 525 (1997).

assistance of counsel claim has gone through the required cycle of State Court review, and is, as a consequence, ripe for review by this Court.

Our conclusion that the Petitioner's ineffective assistance of counsel claims have been fully presented on direct appeal is based, as we previously recited, on the Post-Conviction Court's representation of those facts, and not on any evidence in this Record. Based on that representation, however, we proceed to the merits of the Petitioner's claims of ineffective assistance by both his trial and appellate counsel.

With respect to the Petitioner's claims concerning the admission of the DNA evidence, and the asserted denial of a Speedy Trial, we conclude that those claims were not raised in the Petitioner's direct appeal. Although, as we recited earlier, the Petitioner did advance both issues on direct appeal, his claims rested solely on alleged violations of State law, and were framed differently than presented here. On direct appeal, the Petitioner's argument concerning the admissibility of the DNA was premised on the State's failure to make a timely disclosure of the BCA's working papers. Here, however, the Petitioner's claim is premised on an alleged conspiracy between the prosecution, and the Trial Court, to admit this DNA evidence purportedly knowing that the DNA did not come from the Petitioner. On direct appeal, the Petitioner's claim

concerning the violation of his right to a Speedy Trial was also based entirely on State law, and alleged that he should have been released from custody prior to the start of his Trial. Here, however, the Petitioner's Speedy Trial claim alleges that his own attorneys wrongfully waived his right to a Speedy Trial without his consent. Thus, the claims presented here are not the same as those presented on direct appeal, and we conclude that the Petitioner did present these claims for one full round of State Court appellate review, at least on direct appeal.

The Petitioner might, however, have satisfied this requirement, if he had presented the claims in his request for post-conviction relief, and if he had fully exhausted his post-conviction remedies. Even if we were to construe the Petitioner's Petition for Post-Conviction Relief as asserting the same claims as are presented in his current Petition, the Petitioner failed to appeal the Post-Conviction Court's denial of his request for post-conviction relief, and therefore, he did not exhaust one complete round of State Court review of his post-conviction proceedings. Although the Petitioner apparently intended to appeal the Post-Conviction Court's decision, after his first Habeas Petition was dismissed, without prejudice, for his failure to exhaust, he filed his Notice of Appeal with the wrong Court, and never corrected that error. The time for any such appeal has now long expired. See, Rule

28.02, Subdivision 4(3), Minnesota Rules of Appellate Procedure (an appeal from an Order denying post-conviction relief "shall be taken within 60 days after entry of the Order.").

The Petitioner's failure to timely appeal the denial of his request for post-conviction relief constitutes a procedural default. See, Stanley v. Lockhart, 941 F.2d 707, 798 (8th Cir. 1991). Therefore, Federal Habeas review of his claims is barred, unless the Petitioner can show cause and prejudice for that default, or a fundamental miscarriage of justice. Id. In showing cause and prejudice for a default, only a cause that is external to the Petitioner, that is, "something that cannot fairly be attributed to him," will establish cause to excuse a default. Id. Here, quite plainly, the Petitioner's error in filing his appeal of the Post-Conviction Court's decision in the Federal Courts, rather than in the appropriate State Court, and his subsequent failure to perfect an appeal by correcting that mistake, is solely attributable to him. Since the Petitioner cannot show cause and prejudice for the default of his claims in State Court, he must show that a fundamental miscarriage of justice would occur if we were to decline to review his Petition.

The fundamental miscarriage of justice exception to procedural default is available only upon a "showing, based on new evidence," that "a constitutional violation has probably resulted in the con-

viction of one who is actually innocent." Brownlow v. Groose, 66 F.3d 997, 999 (8th Cir. 1995), quoting Schlup v. Delo, 513 U.S. 298, 327 (1995). Although one might infer, from the Petitioner's allegation that the DNA evidence introduced at Trial was not his DNA, that he has alleged actual innocence, the inference would not be reasonable, since the Petitioner has offered no new evidence to affirmatively demonstrate that he did not commit the crime for which he was convicted. See, Schlup v. Delo, supra at 324 (stating that a credible claim of actual innocence requires new, and reliable, evidence). Therefore, we find that Petitioner's claims relating to the purportedly false DNA evidence, as well as to the alleged denial of his right to a Speedy Trial, are procedurally defaulted, and Petitioner has neither shown cause and prejudice, nor actual innocence, that would excuse the procedural default.

Accordingly, we turn to the merits of the only claim that is properly before the Court, which is the Petitioner's claim that his trial and appellate counsel were constitutionally ineffective.

B. Ineffective Assistance of Counsel

In 1996, Congress restricted the scope of a Federal Court's review of Habeas Petitions, where the underlying claims were adjudicated in State Court. See, Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996). A Federal Court's authority to vitiate State Court deci-

sions, by the granting of a Writ of Habeas Corpus, is now limited to the narrow class of claims which have been fully exhausted in the State Courts, and which involve an adjudication that either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

Title 28 U.S.C. § 2254(d).

In a recent Supreme Court decision, the Court explained that the "contrary to" and "unreasonable application" clauses of Section 2254(d)(1) present two separate grounds on which a Federal Court may grant Habeas relief to claims adjudicated in the State Courts. See, Williams v. Taylor, 529 U.S. 362 (2000). In Williams, the Court explained the distinction, between the two clauses, as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrive[d] at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decide[d] a case differently than [the Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifie[d] the correct governing legal principle from [the Supreme Court's] decisions but unreasonably

> applie[d] that principal to the facts of the prisoner's case.

Id. at 413.

The Court further explained that a consideration of a State Court's decision, under the "unreasonable application" clause, requires a Federal Court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Id.

Under this heightened standard of review, a Federal Court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly," but "[r]ather, that application must also be unreasonable." Id.; see also, Siers v. Weber, 259 F.3d 969, 972-73 (8th Cir. 2001)(examining the impact of Williams on Habeas proceedings); Newman v. Hopkins, 247 F.3d 848, 850-51 (8th Cir. 2001); Copeland v. Washington, 232 F.3d 969, 973 (8th Cir. 2000).

As a consequence, in Williams, the Court confirmed the distinction, which had previously been drawn by several Circuit Courts, that the "contrary to" clause was to be used in cases addressing pure questions of law, whereas the "unreasonable application" clause addressed mixed questions of fact and law. See, Evans v. Rogerson, 223 F.3d 869, 872 (8th Cir. 2000)(the "in custody" determination for Miranda purposes is a mixed question of law and fact that is properly reviewed under the "unreasonable appli-

cation clause of §2254(d)(1)"); cf., Becerrill v. Stearns, 2001 WL 1669398 at *3 (7th Cir., Dec. 14, 2001)(District Court improperly analyzed question of fact under "unreasonable application" clause, believing it to be mixed question of law and fact); see also, Neelley v. Nagle, 138 F.3d 917, 924 (11th Cir. 1998), cert. denied, 525 U.S. 1075 (1999); Sweeneyt v. Parke, 113 F.3d 716, 718 (7th Cir. 1997); Drinkard v. Johnson, 97 F.3d 751, 767 (5th Cir. 1996). Therefore, when a petitioner argues that the State Court improperly applied clearly established Supreme Court law to a particular set of facts, the Federal courts may not grant a Writ absent a finding that such an application was unreasonable.

In addition, Section 2254(e)(1) retains a presumption of correctness for all purely factual determinations, which are rendered by a State Tribunal, and which can, as a result, only be rebutted by the production of clear and convincing evidence to the contrary. Despite this presumption, Section 2254(d)(2) authorizes the issuance of a Writ if the State Court Judgment "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Kinder v. Bowersox, 272 F.3d 532, 538 (8th Cir. 2001); McDonald v. Bowersox, 101 F.3d 588, 592 (8th Cir. 1996)("We presume state court findings of fact to be correct in habeas proceedings unless the petitioner establishes, the respondent admits, or the record shows

otherwise."), cert. denied, 521 U.S. 1127 (1997). Thus, "[f]actual findings by the state court 'shall be presumed to be correct,' a presumption that will be rebutted only 'by clear and convincing evidence.'" Kinder v. Bowersox, supra at 538, citing Title 28 U.S.C. §2254(e)(1).

1. Standard of Review. "Whether [the Petitioner] was deprived of his right to effective assistance of counsel is analyzed under the familiar two-part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." Smith v. United States, 182 F.3d 1023, 1025 (8th Cir. 1999). Under that test, the Petitioner must first "show that counsel's conduct fell below an objective standard of reasonableness," and then "must show that counsel's alleged ineffectiveness prejudiced the defense." Smith v. United States, supra at 1025-26; Siers v. Weber, supra at 974, citing Strickland v. Washington, supra at 687. "In order to show prejudice, a habeas petitioner must establish 'that there is a reasonable probability that but for counsel's unprofessional errors, the result * * * would have been different." Siers v. Weber, supra at 974, quoting Strickland v. Washington, supra at 694.

2. Legal Analysis While the Petitioner has alleged a violation of his Constitutional right to effective assistance of counsel, he has not attempted to make a showing that the Post-

Conviction Court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, since he has not cited a single Supreme Court case in support of his claims. However, even if the Petitioner had asserted this contention, we would find it to be without merit. While the Post-Conviction Court did not cite to Strickland v. Washington, supra, it clearly applied its two-part test since, in rendering its finding that the Petitioner's ineffective assistance of counsel claims lacked merit, the Court found that the "Petitioner ha[d] made no showing that counsel's representation fell below an objective standard of reasonableness," and he "failed to demonstrate that there [wa]s a reasonable probability that but for the alleged unprofessional error of counsel the result of his trial and appeal would have been different." Order Deny Petition for Postconviction Relief, attached as Exhibit to Answer, at 4. Accordingly, we construe the Petitioner's claim as asserting that the State Court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

The Post-Conviction Court determined that the Petitioner's ineffective assistance of counsel claims did not merit an evidentiary Hearing because the Record established that the Petitioner, despite his firing and rehiring of multiple attorneys, was provided a

vigorous defense by experienced counsel, both at his Trial, and on appeal. Here, the Petitioner asserts that his:

> [C]ounsel at every step and every counsel conspired with the State Prosecutor which lead to Petitioner['s] conviction when counsel refused to investigate which [would have] lead [sic] to police involvement in frame-up and illegal search and seizure, conspired in waiving Petitioner's rights to a speedy trial which caused DNA to be admitted in trial, refused to file motions and request disclosure of evidence that [would have] prevented false testimony and refused to raise appropriate appeal issues.

Petition, at ¶12.

Despite these allegations, the Petitioner's Memorandum supporting his Petition, focuses almost exclusively on his assertion that all of the evidence against him was false, and that the prosecutor knew it was false. The Memorandum does not support the Petitioner's theory, or even help explain his theory, that each of his attorneys, "at every step," conspired with the State prosecutor to obtain his conviction. In fact, the Petitioner has not even fully listed the names of the counsel who represented him, the dates of their respective representations, much less has he specified what acts those attorneys allegedly took, or failed to take, that would support his ineffective assistance claims. The Petitioner's claims against counsel are vague, and assume, without any substantiation or even a sufficient explanation to understand his theory, that all of the evidence presented at his Trial was false, and that the

prosecutor and each of the Petitioner's Trial attorneys, as well as his appellate counsel, conspired to secure his conviction.

The Petitioner has requested that the Respondent file a complete transcript of the proceedings with us. However, where the Petitioner has not presented a coherent theory upon which we could find that the State Court decision, which denied his ineffective assistance of counsel claims, was based on an unreasonable determination of the facts in light of the evidence, the Court will not conduct a review of the transcript, or hold an evidentiary Hearing, in order to search for evidence in support of a petitioner's conclusory allegations. We can scour the Trial transcript in vain searching for some suggestion of a conspiracy that is so unsubstantiated as to elude recognition. Thus, the Petitioner has failed to state an ineffective assistance claim upon which Habeas relief can be granted. See, Ruiz v. Norris, 71 F.3d 1404 (8th Cir. 1995)(evidentiary Hearing not required where fair evidentiary Hearing was held in the State Court or where allegations, if true, fail to state a claim upon which Habeas relief can be granted).

Therefore, finding no merit to the Petitioner's request for Habeas relief, we recommend that his Petition be dismissed with prejudice.

NOW, THEREFORE, It is - -

RECOMMENDED:

1. That the Petition for Writ of Habeas Corpus [Docket No. 7] be denied.

2. That the case be dismissed with prejudice.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than July 14, 2003,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than July 14, 2003,** unless all interested parties stipulate

that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.