UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-1320(DSD/RLE)

Michael Williams,

Petitioner,

v.

**ORDER**

James H. Bruton, sued as
James H. Bruton, Warden,

Respondent.

This matter is before the court upon petitioner's objection to the report and recommendation of Magistrate Judge Raymond L. Erickson [Doc. No. 44] and motion to supplement objection. In his report, the magistrate judge recommends that plaintiff's petition for habeas relief pursuant to 28 U.S.C. § 2254 be dismissed with prejudice. For the following reasons, the court adopts the report and recommendation.

**BACKGROUND**

On March 4, 1997, petitioner was convicted by jury trial in the State of Minnesota on two counts of first degree criminal sexual conduct and one count of kidnaping. He was sentenced to 268 months imprisonment and is currently serving that sentence at a State of Minnesota facility.

FILED NOV - 7 2003
RICHARD D. SLETTEN, CLERK
Judgment Ent'd.
Deputy Clerk's Initials

The complex procedural background underlying the petition for habeas relief is fully set forth in the magistrate judge's report and recommendation. For present purposes, it is sufficient to note that, following considerable litigation regarding the timeliness of the petition and petitioner's eligibility for appointed counsel, the current report and recommendation addresses the merits of the § 2254 petition and recommends that the petition be denied.

**DISCUSSION**

This court reviews the reports and recommendations of a magistrate judge de novo. See 28 U.S.C. § 636(b)(1)(c). The court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. After careful review, the court concludes that the magistrate judge's report correctly discusses the reasons why the petition must be denied.

In the petition, petitioner raises three bases for habeas relief. He asserts that DNA evidence was illegally admitted at trial, that his right to a speedy trial was denied and that he received ineffective assistance of counsel both at trial and on direct appeal.

The court concurs with the magistrate judge's conclusion that petitioner's claims alleging admission of illegal evidence and denial of speedy trial rights are procedurally defaulted because

petitioner failed to raise them in the state forum.[1] See 28 U.S.C. § 2254(b); Holt v. Bowersox, 191 F.3d 970, 974 (8th Cir. 1999); Odem v. Hopkins, 192 F.3d 772, 774 (8th Cir. 1999). The court also agrees that petitioner has failed to demonstrate cause for that default, or to present evidence of his actual innocence. See Holt, 191 F.3d at 974. Because those claims are procedurally barred, habeas relief is unavailable. See Wainwright v. Sykes, 433 U.S. 72, 84-5 (1977).

The court also finds that the magistrate judge correctly discussed the reason petitioner's claim of ineffective assistance of counsel fails. A § 2254 petition will succeed only on a showing that the state adjudication led to a decision "contrary to ... clearly established federal law," or "a decision ... based on an unreasonable determination of the facts in light of the evidence presented...." 28 U.S.C. § 2254(d); Miller v. Dormire, 310 F.3d 600, 602-03 (8th Cir. 2002).

---

[1] Petitioner raised DNA evidence and speedy trial issues on direct appeal, but argued different theories than he presents in his § 2254 petition. Petitioner did not raise constitutional challenges to the DNA evidence and speedy trial issues on direct appeal, but attempted to do so in his state petition for post-conviction relief. The state post-conviction court found that the constitutional arguments were procedurally defaulted because they had not been raised on direct appeal. It also found that petitioner failed to show that trial and appellate counsel had performed below an objectively reasonable standard or that, but for errors of counsel, the outcome of petitioner's trial or appeal would have been different. (Order Denying Petition for Post-Conviction Relief at 4.)

Petitioner's claim of ineffective assistance of counsel meets neither of those criteria. As Magistrate Judge Erickson noted, the Minnesota courts correctly applied the clearly-established federal standard when it reviewed the ineffective assistance claim, as it found that petitioner failed to demonstrate that his attorneys' performance fell below an objectively reasonable standard or that but for the errors of counsel, the outcome of the trial or the appeal would have been different. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984) (establishing the federal standard for claims of ineffective assistance).

Because he found that the Minnesota courts applied the correct standard to defendant's claim, the magistrate judge then considered whether those courts applied that standard to the facts in an reasonable manner. Petitioner has not presented any evidence, much less clear and convincing evidence, to support his claim that defense counsel conspired with the prosecution to obtain a conviction. The factual findings of the state court are presumed correct unless shown otherwise by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Dormire, 310 F.3d at 603. Because petitioner has not presented clear and convincing evidence to the contrary, the court cannot conclude that the decisions of the Minnesota courts were based upon an unreasonable application of

Strickland to the facts. The Minnesota courts' review of petitioner's Strickland challenge was neither erroneous nor unreasonable. Therefore, § 2254 affords petitioner no relief.

Petitioner's memorandum captioned "Objections" fails to address the petition's fatal flaws. Petitioner does not show cause for his failure to bring his DNA and speedy trial challenges in the state proceedings, nor does he present any evidence of his actual innocence. Similarly, defendant fails to demonstrate that the Minnesota courts applied the Strickland standard in an unreasonable manner.

## CONCLUSION

Accordingly, after a de novo review of the file and record, the court adopts the report and recommendation of the magistrate judge. Therefore, **IT IS HEREBY ORDERED** that:

1. Petitioner's petition for writ of habeas corpus [Doc. No. 7] is denied.

2. Petitioner's motion to supplement objection [Doc. No. 49] is denied as moot.

3. The case is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 7, 2003

David S. Doty, Judge
United States District Court

For Immediate Release
October 30, 2003

# PRESS RELEASE

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
300 South Fourth Street, Suite 202, Minneapolis, Minnesota
Contact: Richard D. Sletten, Clerk, (612) 664-5026

## FEDERAL COURT AMENDS LOCAL PRACTICE RULES

The U.S. District Court for the District of Minnesota announces the approval, of amendments to its local rules of practice recommended by the Court's Federal Practice Committee chaired by Minneapolis Attorney Jeff Keyes of the Briggs and Morgan law firm.

Local Rules 67.1 and 83.11 amendments:

### LR 67.1 MONEY PAID INTO COURT

Unless otherwise ordered by the Court, all monies coming into the registry of this Court shall be deposited in an interest bearing account in a depository approved by the Treasurer of the United States, subject to withdrawl by checks drawn by the Clerk of Court pursuant to orders of the Court. The Clerk of Court shall deduct from the income earned on the investment a registry fee, as set by the Director of the Administrative Office of the United States Courts. The fee will be deducted when funds are withdrawn and distributed. For further registry fee information, refer to the Guide to Judiciary Policy and Procedures Chapter VII, Financial Management, Part I, Registry Funds.

### LR 83.11 DIVISIONS, OFFICES OF THE CLERK, CALENDARS

(a) Divisions. The State of Minnesota constitutes one judicial district, divided into six divisions. Cases in this District are assigned to particular divisions and particular judges pursuant to the Order for Assignment of Cases that has been adopted by the Judges of the District Court. The Order for Assignment of Cases may be modified from time to time as the District Court Judges see fit.

(b) Offices of the Clerk. The Clerk of Court maintains offices in St. Paul, Minneapolis, and Duluth. The St. Paul, Minneapolis and Duluth offices are open from 8:00 a.m. to 5:00 p.m. All offices are open Monday through Friday, with the following exceptions: New Year's Day; Martin Luther King, Jr.'s Birthday; President's Day; Memorial Day; Independence Day; Labor Day; Columbus Day; Veterans Day; Thanksgiving Day; and Christmas Day.

The files for matters pending before the Court are maintained in the office in the division to which the case is assigned. However, papers relative to any case may be filed in any office.

(c) Calendars. The Court operates on an individual calendar system. Judges in active service are assigned and assume responsibility for their proportionate share of the total cases filed in the district. Inquiries as to motions, probable trial date, or other matters having to do with a particular case may be addressed to the deputy clerk serving as calendar clerk for the Judge to whom the case has been assigned.