UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-1320(DSD/RLE)

Michael Williams,

Petitioner,

v.

**ORDER**

James Bruton, Sued as James H. Bruton, Warden,

Respondent.

This matter is before the court upon petitioner's application for a Certificate of Appealability ("COA") following the dismissal of his petition for habeas corpus relief under 28 U.S.C. § 2254. For the following reasons, petitioner's application for a COA is denied.

**BACKGROUND**

On May 26, 2000, petitioner filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254, which is now the subject of the present appeal and application for a COA. In seeking habeas corpus relief, petitioner claimed that (1) DNA evidence was improperly admitted at his trial, (2) he was denied the right to a speedy trial, and (3) he received ineffective assistance of counsel both at trial and on direct appeal. By order of November 7, 2003, this court adopted the Report and Recommendation ("R&R") of United States Magistrate Judge Raymond L. Erickson and summarily dismissed

FILED JAN 9 2004
Richard D. Sletten, CLERK
Judgment Ent'd. ______
Deputy Clerk's Initials ______

the petition. On November 18, 2003, petitioner filed notice of appeal and on November 21, 2003, he filed the present application for a COA.

**DISCUSSION**

Appeal may not be taken from the denial of a habeas petition without a COA. See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). To obtain a COA, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). The substantial showing requirement under § 2253 is a more stringent standard than the good faith and non-frivolous standard applied to applications to proceed in forma pauperis. See Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946 (1994), citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).[1] When a district

[1] Lozado, Kemna and Flieger describe the showing necessary to (continued...)

court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam).

## I. Petitioner's Claims for Habeas Corpus Relief

The court dismissed petitioner's admissibility and speedy trial claims because they were procedurally defaulted when petitioner failed to raise them in the state courts. Petitioner did not show good cause for failing to bring the claims in the state courts or provide evidence of his actual innocence. See Holt v. Bowersox, 191 F.3d 970, 974 (8th Cir. 1999). Therefore, the court held that petitioner could not overcome the procedural default.

Petitioner's ineffective assistance of counsel claim was not defaulted. However, the court dismissed that claim after finding that the state courts applied the correct federal standard when considering and rejecting the claim. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984) (establishing the federal standard for ineffective assistance claims); Miller v. Dormire, 310 F.3d 600, 602-03 (8th Cir. 2002) (holding that § 2254 petitioner must show

---

[1](...continued) obtain a certificate of probable cause, as was required under § 2253 before its amendment in 1996. At that time, Congress replaced the certificate of probable cause requirement with the current certificate of appealability requirement. Nonetheless, "[t]he same substantive standard governs issuance of the pre-Act certificate of probable cause and the post-Act certificate of appealability." Ramsey v. Bowersox, 149 F.3d 749, 759 (8th Cir. 1998).

state decision was contrary to clearly established federal law). The court found that the Minnesota courts' decision was not based on an unreasonable determination of the facts. It further concluded that petitioner had not shown that the facts as determined by the state courts were clearly erroneous. See Dormire, 310 F.3d at 603. Without that showing, the factual findings of the state court are presumptively valid. See id. Therefore, there was no basis for habeas relief and the court dismissed the action accordingly.

**II. Petitioner's Bases for Appeal and COA**

Petitioner identifies three bases for his appeal and request for a COA. First, petitioner contends that the court abused its discretion in dismissing the § 2254 petition. Second, he asserts that the court abused its discretion by refusing to appoint counsel for petitioner's habeas proceedings.[2] Finally, petitioner argues

---

[2] Petitioner moved for appointment of counsel immediately after filing his petition. (Doc. No. 2.) After filing an amended petition to comply with the Rules Governing § 2254 Cases, petitioner again requested appointed counsel. (Doc. No. 14.) Several months later, United States District Judge John R. Tunheim adopted the recommendation of Magistrate Judge Erickson by summarily dismissing the petition as time barred and denying appointment of counsel as moot. (Doc. No. 20.) The Eighth Circuit reversed the dismissal on the statute of limitations grounds and remanded to the district court for a further proceedings. (Doc. No. 24.) Petitioner again renewed his motion for appointment of counsel. (Doc. No. 34.) Magistrate Judge Erickson denied the renewed motion by order dated December 12, 2002 and petitioner appealed that order. (Doc. No. 37 & 39.) Because Judge Tunheim recused after the case was remanded, petitioner's appeal was heard in this court. By order of January 29, 2003, this court affirmed (continued...)

that the court abused its discretion by dismissing the § 2254 petition "without giving him a fair hearing." Each objection is addressed in turn.

**A. Petitioner's General Objection to Summary Dismissal**

The court has explained why it dismissed petitioner's action. Petitioner offers no support for his general claim that the dismissal was an abuse of the court's discretion. Therefore, the court cannot say that petitioner's general objection presents an issue that is "debatable among reasonable jurists" or otherwise deserving of further proceedings. Flieger, 16 F.3d at 883.

**B. Petitioner's Objection to Denial of Appointed Counsel**

Petitioner's challenge to the denial of appointed counsel for the habeas proceedings similarly fails to present an issue worthy of appeal. There is no constitutional or statutory right to counsel in post-conviction habeas proceedings, though the court may appoint counsel for otherwise financially eligible persons if the interests of justice so require. See 18 U.S.C. § 3006A(a)(2). Appointment of counsel in such cases lies within the discretion of the district court. See Pennsylvania v. Finely, 481 U.S. 551, 555-57 (1987).

In determining whether appointment of counsel is appropriate, the court is to weigh the factual and legal complexity of the case

---

[2](...continued) Magistrate Erickson's denial of appointed counsel. (Doc. No. 41.)

together with the petitioner's ability to investigate and articulate his claims. McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997). The magistrate judge found, and this court agreed, that petitioner's habeas claims are not so complex that appointment of counsel was appropriate. Further, the file is replete with memoranda and other filings clearly demonstrating petitioner's ability to understand and articulate his claims. Therefore, petitioner's challenge to the denial of appointed counsel does not support the issuance of a COA.

### C. Petitioner's Objection to Dismissal Without a Hearing

Petitioner's final basis for a COA appears to be a challenge to the court's dismissal of his petition without a hearing. It is well-settled that the district court may dismiss a § 2254 petition without an evidentiary hearing "where the dispute can be resolved on the basis of the record." Riley v. Lockhart, 726 F.2d 421, 723 (8th Cir. 1984).

In this case, neither the § 2254 petition nor the objections to the magistrate judge's R&R offer good cause for petitioner's procedural default of his DNA and speedy trial claims. Nor do they present any evidence of petitioner's actual innocence. Therefore, the court concluded that those claims were defaulted as a matter of law. Similarly, there is no showing that the state courts applied the incorrect standard or relied upon an unreasonable determination of the facts in denying petitioner's ineffective assistance claim.

For those reasons, dismissal without a hearing was appropriate. See id.

**CONCLUSION**

Petitioner has not made a "substantial showing of the denial of a constitutional right" or demonstrated the existence of a "colorable issue worthy of an appeal." 28 U.S.C. § 2253(c)(2); Kruger, 77 F.3d at 1073. Accordingly, **IT IS HEREBY ORDERED** that petitioner's application for a Certificate of Appealability [Doc. No. 53], is denied.

Dated: January 8, 2004

David S. Doty, Judge
United States District Court